**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number (If known): _____   Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  
   Warren E&P, Inc.

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names  
   None

3. **Debtor's federal Employer Identification Number (EIN)**  
   85-0224052

4. **Debtor's address**

   **Principal place of business**  
   11 Greenway Plaza, Suite 3050  
   Number    Street

   Houston    TX    77046  
   City    State    ZIP Code

   Harris  
   County

   **Mailing address, if different from principal place of business**  
   Number    Street

   P.O. Box

   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**  
   625    E. Anaheim Street  
   Number    Street

   Wilmington    CA    90744  
   City    State    ZIP Code

5. **Debtor's website (URL)**  
   http://www.warrenresources.com/

6. **Type of debtor**  
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  
   ☐ Partnership (excluding LLP)  
   ☐ Other. Specify: _____

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  **Warren E&P, Inc.**                                        Case number (*if known*)_____
      Name

| | | |
|---|---|---|
| 7. | **Describe debtor's business** | A. *Check one:*  <br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) <br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) <br>☐ Railroad (as defined in 11 U.S.C. § 101(44)) <br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) <br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) <br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) <br>■ None of the above <br><br>B. *Check all that apply:* <br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501) <br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) <br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) <br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . <br>  2  1  1  1 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* <br>☐ Chapter 7 <br>☐ Chapter 9 <br>■ Chapter 11. *Check all that apply*: <br>    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that). <br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br>    ☐ A plan is being filed with this petition. <br>    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. <br>☐ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** <br>If more than 2 cases, attach a separate list. | ■ No <br>☐ Yes.  District _____  When _____  Case number _____ <br>                             MM / DD / YYYY <br>          District _____  When _____  Case number _____ <br>                             MM / DD / YYYY |
| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br>List all cases. If more than 1, attach a separate list. | ☐ No <br>■ Yes.  Debtor  **See Rider 1**  Relationship **Affiliate** <br>         District **Southern District of Texas**  When **06/02/2016** <br>                                                MM  /  DD  / YYYY <br>         Case number, if known _____ |

| Debtor | Warren E&P, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| 11. | **Why is the case filed in *this district*?** | *Check all that apply:*<br><br>■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br><br>■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No   (See Rider 2)<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br><br>**Why does the property need immediate attention?** (*Check all that apply.*)<br><br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>  What is the hazard? _____<br><br>☐ It needs to be physically secured or protected from the weather.<br><br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br><br>☐ Other _____<br><br>**Where is the property?** _____<br>  Number   Street<br><br>_____<br>_____<br>  City                                    State    ZIP Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes. Insurance agency _____<br>  Contact name _____<br>  Phone _____ |

### Statistical and administrative information

| | | |
|---|---|---|
| 13. | **Debtor's estimation of available funds** | *Check one:*<br>■ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| 14. | **Estimated number of creditors** | ☐ 1-49         ☐ 1,000-5,000        ☐ 25,001-50,000<br>☐ 50-99        ☐ 5,001-10,000       ☐ 50,001-100,000<br>☐ 100-199      ■ 10,001-25,000      ☐ More than 100,000<br>☐ 200-999 |
| 15. | **Estimated assets** | ☐ $0-$50,000             ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000       ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion<br>☐ $100,001-$500,000      ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million    ■ $100,000,001-$500 million    ☐ More than $50 billion |

| Debtor | Warren E&P, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 16. Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ■ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ▣ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ▣ I have been authorized to file this petition on behalf of the debtor.
- ▣ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/02/2016
            MM  / DD / YYYY

X _/s/ J. Watt_____         James A. Watt
Signature of authorized representative of debtor     Printed name

President, Chief Executive Officer and Chief Restructuring Officer
Title

**18. Signature of attorney**

X _/s/ Tad Davidson_____   Date  06/02/2016
Signature of attorney for debtor                MM / DD / YYYY

Timothy A. ("Tad") Davidson II
Printed name
Andrews Kurth LLP
Firm name
600         Travis, Suite 4200
Number      Street
Houston                                 TX          77002
City                                    State       ZIP Code

713-220-4200                            taddavidson@andrewskurth.com
Contact phone                           Email address

24012503                                Texas
Bar number                              State

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Warren Resources, Inc.

- Warren Resources, Inc.
- Warren E&P, Inc.
- Warren Resources of California, Inc.
- Warren Marcellus LLC
- Warren Energy Services, LLC
- Warren Management Corp.

**Rider 2**

**Response to Question 12 of Official Form 201**

Question 12, among other things, asks the debtor to identify any property that posts or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

The debtors, Warren Resources, Inc.; Warren E&P, Inc.; Warren Resources of California, Inc.; Warren Marcellus LLC; Warren Energy Services, LLC; and Warren Management Corp. (collectively, the "Debtors"), engage in the exploration, development, and production of domestic onshore crude oil and natural gas reserves. The Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety; however, the Debtors note that they are not aware of any definition of "imminent and identifiable harm" as used in this question.

## WARREN E&P, INC.

## WRITTEN CONSENT OF SOLE DIRECTOR
## AND SOLE SHAREHOLDER
## IN LIEU OF MEETING

The undersigned, being the sole director and the sole shareholder of Warren E&P, Inc., a New Mexico corporation (the "Company"), do hereby consent, pursuant to Sections 53-11-43 and 53-15-12 of the New Mexico Business Corporation Act and Sections 2.12 and 3.16 of the Amended and Restated By-Laws of the Company, to the adoption of the resolutions set forth on Exhibit A attached hereto.

The undersigned, by executing this Consent, do hereby direct that this document be filed with the minutes and proceedings of the Company and agree that the actions taken in the resolutions set forth in Exhibit A attached hereto shall have the same force and effect as if taken at a duly constituted meeting of the directors or shareholders of the Company.

Date: June 1, 2016

**SOLE DIRECTOR:**

_____
James A. Watt

**SOLE SHAREHOLDER:**

**WARREN RESOURCES, INC.**

By: _____
Name: James A. Watt
Title: President, Chief Executive Officer and
       Chief Restructuring Officer

**EXHIBIT A**

## RESOLUTIONS ADOPTED BY SOLE DIRECTOR AND SOLE SHAREHOLDER OF

## WARREN E&P, INC.

### June 1, 2016

### Chapter 11 Filings

WHEREAS, the Board of Directors of Warren Resources, Inc., a Maryland corporation ("Warren"), has deemed it advisable and in the best interests of Warren and certain of its subsidiaries (the "Subsidiaries"), including Warren E&P, Inc., a New Mexico corporation (the "Company"), and their respective creditors, equityholders, employees, and other interested parties, that Warren and the Subsidiaries, including the Company, file petitions seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

NOW, THEREFORE, BE IT RESOLVED, that the law firm of Andrews Kurth LLP be engaged as bankruptcy counsel for the Company, under a retainer, in the chapter 11 case of the Company (the "Chapter 11 Case"), subject to any requisite bankruptcy court approval; and further

RESOLVED, that the investment bank and financial advisory firm of Jefferies LLC be engaged by the Company as transaction and restructuring advisors for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the firm of Deloitte Transactions and Business Analytics LLP be, and hereby is, employed by the Company under retainer as financial and restructuring advisors to the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the consulting firm of Epiq Bankruptcy Solutions, LLC be engaged by the Company as claims, balloting, and notice agent for the Company in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the President of the Company be, and hereby is, removed from such office and that James A. Watt be, and hereby is, appointed as the President of the Company, to serve in such office until the earlier of his death, resignation, removal or successor is duly elected and qualified; and further

RESOLVED, that James A. Watt, as the President of the Company (the "Authorized Officer"), be, and hereby is, authorized and empowered, for and in the name and on behalf of the Company, to engage and employ, or cause the Company to engage and employ, each of the firms named above for the roles described above, as well as such other law firms, consultants or companies, as may be necessary and appropriate and subject to any requisite bankruptcy court approval, including without limitation, to act as ordinary course, special and/or conflicts counsel for the Company, under a general retainer, to assist the Company in the Chapter 11 Case and to perform other tasks related to the Chapter 11 Case; and further

RESOLVED, that the Authorized Officer, and any employees or agents (including counsel) designated by or directed by the Authorized Officer, be, and hereby are, authorized and empowered, for and in the name and on behalf of the Company, to execute, verify, and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to perform any and all further acts and deeds that the Authorized Officer deems necessary, proper, or desirable in connection with the Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that in connection with the commencement of the Chapter 11 Case by the Company, the Authorized Officer be, and hereby is, authorized and empowered for and in the name and on behalf of the Company, to negotiate, execute, and deliver a cash collateral stipulation on the terms and conditions that such Authorized Officer considers necessary, proper, or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments for and in the name and on behalf of the Company, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the Authorized Officer, and any employees or agents (including counsel) designated by or directed by the Authorized Officer, be, and hereby are, authorized and empowered, for and in the name and on behalf of the Company, to cause the Company to: enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certifications, or other documents; institute adversary proceedings; and take such other actions, as in the judgment of such officer shall be or become necessary, proper, and desirable to effectuate a successful reorganization of the Company's businesses, subject to any governmental, regulatory, or bankruptcy court approval; and further

RESOLVED, that, in the judgment of each of the sole director and sole shareholder of the Company, it is desirable and in the best interests of the Company and the interests of the Company's creditors, equityholders, employees, and other interested parties, that the Authorized Officer files a petition for and in the name and on behalf of the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code.

**RSA**

WHEREAS, following review and discussion of presentations made by Warren's financial advisors and counsel regarding strategic alternatives and consideration of the recommendations of recommendations by the financial advisors, counsel and management of Warren, the Board of Directors of Warren proposes to enter into (i) the Restructuring Support Agreement (the "RSA"), by and among Warren, the Subsidiaries, GSO Capital Partners LP on behalf of itself and on behalf of certain funds and accounts that it manages, advises, or sub-advises named as signatories thereto (the "Plan Sponsor"), and the holders of the Senior Notes Claims (as defined therein) that are named as signatories thereto (the "Consenting Senior Noteholders"), (ii) the debtor-in-possession credit agreement (the "DIP Credit Agreement") contemplated pursuant to the RSA, by and among Warren, as borrower, certain Subsidiaries

3

including the Company, as guarantors, GSO Capital Partners LP, as administrative agent ("Agent"), and the lenders to be named therein (the "DIP Lenders"), (iii) the proposed interim order authorizing Warren and the Subsidiaries to continue to use cash collateral attached as an exhibit to and forming part of the RSA (the "Interim Financing Order") and (iv) the term sheet for Warren's and the Subsidiaries' Joint Chapter 11 Plan of Reorganization attached as an exhibit to and forming part of the RSA (the "Plan Term Sheet"), in each case of the RSA, the DIP Credit Agreement, the Interim Financing Order and the Plan Term Sheet, in the forms presented to the sole director and the sole shareholder of the Company; and

WHEREAS, the sole director and the sole shareholder, after review and discussion and due consideration of all of the information presented to them, deem it advisable and in the best interests of the Company and the interests of the Company's creditors, equityholders, employees, and other interested parties (as applicable) for the Company to enter into the RSA and to consummate the transactions contemplated therein, subject to any requisite governmental, regulatory, or bankruptcy court approval (collectively, the "Restructuring Transactions");

NOW, THEREFORE, BE IT RESOLVED, that the sole director and the sole shareholder have reviewed the proposed terms and conditions of the RSA and deem it advisable and in the best interests of the Company and each of the Company's creditors, equityholders, employees, and other interested parties (as applicable) to authorize and approve the Company's negotiation, execution, and delivery of the RSA, and the performance of the Company's obligations under the RSA on substantially the terms presented to the sole director and the sole shareholder of the Company, and all other agreements, instruments, and documents to be executed and delivered in connection with the Restructuring Transactions, subject to any requisite governmental, regulatory, or bankruptcy court approval; and further

RESOLVED, that, in furtherance of the foregoing resolution, the Authorized Officer be, and hereby is, authorized and empowered, for and on behalf of the Company, to conduct and conclude negotiations with the Plan Sponsor and the Consenting Senior Noteholders and to cause the Company to enter into the RSA, and to effect and consummate the transactions contemplated by the RSA and to take other actions as may be necessary or appropriate in connection therewith, subject to any requisite governmental, regulatory, or bankruptcy court approval.

**DIP Credit Documents**

WHEREAS, Warren proposes to enter into the DIP Credit Agreement, which shall provide Warren with a senior secured super-priority term loan facility that would permit Warren to fund, among other things, (i) general working capital and operating costs and expenses of Warren and the Subsidiaries (including, without limitation, the costs of administering the Chapter 11 Case), (ii) fees of professional advisors to Warren and the Subsidiaries, and (iii) all fees charged by the Agent and the DIP Lenders in connection with the DIP Credit Agreement, subject to all the conditions set forth in the DIP Credit Agreement, subject to approval by the bankruptcy court; and

WHEREAS, the sole director and the sole shareholder, after review and due consideration of all of the information presented to them, deem it advisable and in the best

4

interests of the Company and each of the Company's creditors, equityholders, employees, and other interested parties (as applicable) for the Company to enter into certain agreements, documents, guaranties, promissory notes, certificates, control agreements, security agreements, pledge agreements, instruments of pledge, assignments, assignments of earnings, assignments of insurance, financing statements, designations, transfers, endorsements, and related instruments and documents, in each case as required under or referenced within the DIP Credit Agreement (together with the DIP Credit Agreement, the "DIP Credit Documents"), and to consummate the transactions contemplated in the DIP Credit Documents, subject to any requisite bankruptcy court approval; and

WHEREAS, in connection with the DIP Credit Documents and pursuant to the DIP Credit Agreement, the Subsidiaries will be required to enter into a guarantee or guaranty (the "Guaranty") in favor of the Agent (for the benefit of the Secured Parties, as defined in the DIP Credit Agreement), to guarantee payment and performance of all of the obligations and liabilities owed by Warren or the Subsidiaries to the Agent or the DIP Lenders under any of the DIP Credit Documents, subject to any requisite bankruptcy court approval; and

WHEREAS, in connection with the DIP Credit Documents and pursuant to the DIP Credit Agreement, Warren and the Subsidiaries will be required to enter into a security agreement (the "Security Agreement") to pledge and grant a lien and security interest to the Agent (on behalf of the Secured Parties, as defined in the DIP Credit Agreement) in certain of their respective assets, including without limitation cash, cash equivalents, accounts, deposit accounts, inventory, equipment, general intangibles, certain investment property, equity interests in the Subsidiaries, fixtures, guaranties, swap contract payments, insurance benefits, and warranties (the "Collateral"), pursuant to the terms and conditions of the Financing Documents (as defined in the DIP Credit Agreement), and to take such other action as may be necessary or appropriate to establish, create, preserve, protect and perfect such lien in favor of the Agent for the benefit of the Secured Parties, subject to any requisite bankruptcy court approval; and

NOW, THEREFORE, BE IT RESOLVED, that the sole director and the sole shareholder have reviewed the proposed terms and conditions of the DIP Credit Agreement and deem it advisable and in the best interests of the Company and each of the Company's creditors, equityholders, employees, and other interested parties (as applicable) to authorize and approve the Company's negotiation, execution and delivery of the Financing Documents to which it is a party, including, but not limited to, the Guaranty and the Security Agreement, and the performance of the Company's obligations under such Financing Documents on substantially the terms presented to the sole director and the sole shareholder of the Company, and all other DIP Credit Documents to which it is a party or other agreements, instruments, and documents to be executed and delivered by the Company in connection with the DIP Credit Agreement, subject to any requisite bankruptcy court approval; and further

RESOLVED, that, in furtherance of the foregoing resolution, the Authorized Officer be, and hereby is, authorized and empowered, for and on behalf of the Company, to conduct and conclude negotiations with the Agent and the DIP Lenders and to cause the Company to enter into the Financing Documents to which it is a party, including, but not limited to, the Guaranty and the Security Agreement, as well as all other DIP Credit Documents to which it is a party, in

each case, with such additions, deletions, and changes thereto as shall be approved by the Authorized Officer, with the Authorized Officer's execution and delivery of the such Financing Documents (including, but not limited to, the Guaranty and the Security Agreement) and all other DIP Credit Documents to which the Company is a party, in each case, on behalf of the Company to be conclusive evidence of such approval and the approval thereof by the sole shareholder and the sole director, and to effect and consummate the transactions contemplated by the DIP Credit Agreement, such Financing Documents (including, but not limited to, the Guaranty and the Security Agreement) and all other DIP Credit Documents to which the Company is a party and to take other actions as may be necessary or appropriate in connection therewith (including, but not limited to, the pledging of any collateral under such Financing Documents and the DIP Credit Documents to which the Company is a party), subject to any requisite bankruptcy court approval; and further

RESOLVED, that the Authorized Officer be, and hereby is, authorized and empowered, for and in the name and on behalf of the Company and without the joinder of any other person or entity, to pledge, grant a security interest in and lien upon and assign, endorse, negotiate, deliver, or otherwise hypothecate or transfer to Agent, any and all collateral now or hereafter held, owned, or controlled by the Company, and to perfect such security interests, in each case pursuant to the terms and conditions of the DIP Credit Agreement, the Financing Documents and other DIP Credit Documents, subject to any requisite bankruptcy court approval.

**Miscellaneous**

RESOLVED, that all actions of the Authorized Officer and other officers and representatives of the Company heretofore taken in connection with the RSA, the DIP Credit Documents, the Financing Documents, the Interim Financing Order or the Plan Term Sheet are in all respects authorized, adopted, approved, ratified and confirmed, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the Authorized Officer be, and hereby is, authorized and empowered, for and in the name and on behalf of the Company, to take or cause to be taken any and all such actions and to enter into, execute and deliver any and all such acknowledgments, agreements, amendments, certificates, contracts, instruments, notices, statements and other documents, or to effect any filings with any and all appropriate regulatory authorities, as may be required or as any of such officers may deem necessary, appropriate or advisable to carry out the transactions contemplated by, and the purposes and intent of, the foregoing resolutions; all such actions to be performed in such manner and all such acknowledgments, agreements, amendments, certificates, contracts, instruments, notices, statements and documents to be executed and delivered in such form as the officer performing or executing the same shall approve, such officer's performance or execution and delivery thereof to be conclusive evidence of such approval and the approval of the sole director and sole shareholder, subject to any requisite bankruptcy court approval.

| Fill in this information to Identify the case: | |
|---|---|
| Debtor Name: Warren Resources, Inc. | |
| United States Bankruptcy Court for the: Southern District of Texas | ☐ Check if this is an amended filing |
| Case Number (If known): | |

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders  12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK NATIONAL ASSOCIATION ATTN: CORPORATE TRUST SERVICES 5555 SAN FELIPE, STE. 1150 HOUSTON, TX 77056 | FAX: (713) 235-9213 | 9.00% Senior Notes Due 2022 | U | | | $179,000,000.00 |
| 2 | CORTLAND CAPITAL MARKET SVCS, LLC ATTN: RYAN MORICK & LEGAL DEPT. 225 WEST WASHINGTON ST., 21ST FL. CHICAGO, IL 60606 | PHONE: (312) 564 - 5100 FAX: (312) 376-0751 ryan.morick@cortlandglobal.com | Second Lien Term Loan | U | | | $53,800,000.00 |
| 3 | OIL WELL SERVICE CO. 10840 NORWALK BLVD. SANTE FE SPRINGS, CA 90670 | FAX: (562) 325-8919 | Trade | | | | $30,400.00 |
| 4 | LITTLE SNAKE RIVER CONSERVATION DISTRICT 285 NORTH PENLAND, BOX 355 BAGGS, WY 82321 | FAX: (307) 383-7861 lsrcd@yahoo.com | Trade | | | | $30,000.00 |
| 5 | ALAMEDA CORRIDOR TRANS AUTH. 3760 KILROY AIRPORT WAY, STE. 200 LONG BEACH, CA 90806 | FAX: (562) 247-7090 | Trade | | | | $23,819.00 |
| 6 | MOUNTAIN STATES PRESSURE SERVICE INC P.O. BOX 1930 ROCK SPRINGS, WY 82902 | FAX: (307) 362-2824 | Trade | | | | $23,175.00 |
| 7 | STONE WELL SERVICE LLC P.O. BOX 1506 SAGINAW, MI 48605 | FAX: (989) 771-8870 | Trade | | | | $17,544.00 |
| 8 | X-CHEM LLC P.O. BOX 971433 DALLAS, TX 75397-1433 | FAX: (972) 721-6700 | Trade | | | | $16,330.00 |

**Debtor:** Warren Resources, Inc.                                    Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | EUREKA RESOURCES, LLC<br>454 PINE STREET<br>WILLIAMSPORT, PA 17701 | FAX: (570) 323-2055 | Trade | | | | $15,338.00 |
| 10 | CALIFORNIA INDEPENDENT PETROLEUM ASSOCIATION<br>1112 I STREET, SUITE 350<br>SACRAMENTO, CA 95814-2823 | FAX: (916) 447-1144 | Trade | | | | $15,000.00 |
| 11 | BAKER HUGHES<br>P.O. BOX 301057<br>DALLAS, TX 75303-1057 | FAX: (713) 439-8472 | Trade | | | | $12,903.00 |
| 12 | PATRIOT ENVIRONMENTAL SERVICES<br>P.O. BOX 1091<br>LONG BEACH, CA 90801 | FAX: (562) 536-2688 | Trade | | | | $12,602.00 |
| 13 | SUSQUEHANNA GAS FIELD SERVICES<br>P.O. BOX 127<br>MESHOPPEN, PA 18630 | FAX: (570) 833-2180<br>billr@sgfsllc.com | Trade | | | | $11,310.00 |
| 14 | MECHANICAL SEAL REPAIR<br>P.O. BOX 2088<br>SEAL BEACH, CA 90740 | | Trade | | | | $9,990.00 |
| 15 | PCI POWER CONTROL INTEGRATED<br>P.O. BOX 3625<br>TUSTIN, CA 92781 | FAX: (403) 233-8346<br>t_m@tmlgroup.com;<br>pci@tmlgroup.com | Trade | | | | $9,288.00 |
| 16 | AVANTI ENVIRONMENTAL INC<br>2855 MICHELLE DRIVE<br>SUITE 230<br>IRVINE, CA 92606 | FAX: (714) 730-3315 | Trade | | | | $8,462.00 |
| 17 | ERICK FLOWBACK SERVICES LLC<br>P.O. BOX 86<br>KINGFISHER, CO 73750 | FAX: (405) 375-5215 | Trade | | | | $7,400.00 |
| 18 | BARNETT CONSULTING INC<br>1908 PROBY RD S E<br>MCCALL CREEK, MS 39647 | dale@barnettconsultinginc.com | Trade | | | | $6,575.00 |
| 19 | ALERDICE INC.<br>524 SR. 4015<br>MESHOPPEN, PA 18630 | dale@msrseals.com | Trade | | | | $5,897.00 |
| 20 | YUKON CORPORATION<br>1275 ALAMEDA STREET<br>P.O. BOX 175<br>WILMINGTON, CA 90744 | FAX: (310) 834-3081 | Trade | | | | $5,772.00 |
| 21 | WORLEYPARSONS GROUP INC.<br>LOCKBOX DEPT - #915113<br>P.O. BOX 915113<br>DALLAS, TX 75373-5113 | FAX: (972) 893-4392 | Trade | | | | $5,490.00 |

Debtor: Warren Resources, Inc.      Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | LOVCO CONSTRUCTION, INC.<br>1300 BURNETT STREET<br>SIGNAL HILL, CA  90755 | FAX: (562) 988-0094<br>mike@lovco.com | Trade | | | | $4,438.00 |
| 23 | DAVIS CONSTRUCTION<br>P.O. BOX 369<br>BAGGS, WY  82321 | FAX: (301) 468-3918<br>info@davisconstruction.com | Trade | | | | $4,316.00 |
| 24 | SOUTHERN CALIFORNIA GAS CO.<br>SUNDRY BILLING<br>MI 711D, P.O. BOX 2007<br>MONTEREY PARK, CA  91754-0957 | FAX: (909) 305-8261 | Trade | | | | $3,881.00 |
| 25 | SOLID CONSTRUCTION & REPAIR<br>4421 NEWTON ST.<br>TORRANCE, CA  90505 | | Trade | | | | $3,800.00 |
| 26 | DELL MARKETING L.P.<br>C/O DELL USA L.P.<br>P.O. BOX 643561<br>PITTSBURGH, PA  15264-3561 | FAX: (512) 283-9092 | Trade | | | | $3,709.00 |
| 27 | STAN-DUR STEEL PRODUCTS CO.<br>1568 W. 218TH STREET<br>TORRANCE, CA  90501 | | Trade | | | | $3,525.00 |
| 28 | PETRO TECH RESOURCES CO.<br>4520 CALIFORNIA AVE., STE. 310<br>BAKERSFIELD, CA  93309 | info@PetrotechResources.com | Trade | | | | $3,251.00 |
| 29 | VERIZON BUSINESS<br>P.O. BOX 371355<br>PITTSBURGH, PA  15250-7355 | | Trade | | | | $2,837.00 |
| 30 | BAKERSFIELD PIPE & SUPPLY<br>P.O. BOX 60006<br>LOS ANGELES, CA  90060-0006 | FAX: (661) 589-3739 | Trade | | | | $2,541.00 |

Official Form 204      Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims      Page 3

Fill in this information to identify the case and this filing:

Debtor Name  Warren E&P, Inc.

United States Bankruptcy Court for the: Southern District of Texas
(State)

Case number (If known): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ■ *Chapter 11 or Chapter 9 Cases:* Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  06/02/2016      X  /s/ J.A. Watt
            MM / DD / YYYY         Signature of individual signing on behalf of debtor

                                   James A. Watt
                                   Printed name

                                   President, Chief Executive Officer and Chief Restructuring Officer
                                   Position or relationship to debtor

Official Form 202        Declaration Under Penalty of Perjury for Non-Individual Debtors

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| WARREN E&P, INC., | § § | Case No. 16-_____ |
| Debtor. | § § § | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest.

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Warren Resources, Inc. | 100% |

Fill in this information to identify the case and this filing:

Debtor Name __Warren E&P, Inc.__

United States Bankruptcy Court for the: __Southern__ District of __Texas__
(State)

Case number (If known): _____

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __06/02/2016__    ✗ _/s/ James A. Watt_
        MM / DD / YYYY              Signature of individual signing on behalf of debtor

                    __James A. Watt__
                    Printed name

                    __President, Chief Executive Officer and Chief Restructuring Officer__
                    Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**